## Burgess and Walter v. Robert Y. Thomas, Jr., Administrator.

(Decided March 25, 1927.)

### Appeal from Muhlenberg Circuit Court.

1. Executors and Administrators.—Trial court properly disallowed $500 of undertaker's claim against estate for casket, vault, and services out of total claim of $1,693, on ground that charges were excessive.

2. Evidence.—In undertaker's suit against administrator, the court is not bound by uncontradicted expert testimony concerning the reasonableness of prices charged.

DENHARDT & HUNTSMAN for appellant.

EAVES & SANDIDGE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

In the suit to settle the estate of Robert Y. Thomas, Jr., ex-member of Congress, appellants, Burgess and Walter, presented a claim for $1,693.00 for casket and vault and services in carrying out the funeral of the late congressman, of which sum $1,500.00 was charged for the casket and $125.00 for the vault. The remainder of the $1,693.00 was charged for services. The administrator of Thomas declined to pay the claim of the undertaker and this litigation resulted. The Congress of the United States made an allowance for the burial expenses of its late member to the amount of $606.75, and this sum was paid directly to the undertakers, but they now claim a balance of $1,086.25. The administrator says this is excessive. Another undertaker who took charge of the

body after it had been transported from Bowling Green to Central City, and carried out the funeral, charged something more than $300.00 for his services. The evidence shows that the casket for which the undertakers made a charge of $1,500.00 cost them $400.00, and that the metal vault which accompanied it and for which they charged $125.00 cost them $65.00. Several experienced undertakers were introduced as witnesses and proved the customary price for such furnishings, and stated, in substance, that $1,500.00 was a fair and reasonable price for the casket—not too much—and that $125.00 was a reasonable price for the vault; that undertakers generally charged similar prices for such articles; that it was necessary for undertakers to make at least 200% upon their goods in order to meet the overhead expenses of their business and to make a net profit.

The trial court found the charge of appellants excessive, reduced it by $500.00, adjudging them entitled to recover of the administrator the sum of $586.25 instead of $1,086.25, as claimed, and it is from that judgment that this appeal is prosecuted by the undertakers.

Appellants insist that there is no evidence to show that the prices charged are unreasonable or excessive, but that, on the contrary, there is testimony of several witnesses to prove that the prices charged by appellants are reasonable and just, and this is true, but we do not think it follows that the court must accept the testimony of experts in a case like this as conclusive. The casket cost only $400.00 and they charged the administrator $1,500.00 therefor. This at first blush strikes the mind as unreasonable and unjust. One hundred per cent upon the price of the casket would have brought it up to $800.00; one hundred per cent upon the price of the vault brought it up to $125.00, a total of $925.00. The court allowed not only one hundred per cent upon the cost of the casket and vault but an additional sum to cover services. We think the allowance was liberal, all facts considered, and the judgment is affirmed.

Judgment affirmed.